**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **MICHAEL TAYLOR** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action File |
| v. | : | |
| | : | No. 1:11-cv-01019-AT-GGB |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | : : | |
| | : | |
| Defendant. | : | |
| | : | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.   Description of Case:**

   **(a) Describe briefly the nature of this action.**

   Plaintiff contends that Experian Information Solutions, Inc. violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and supplemental state laws.

   **(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**Plaintiff's Summary:**

   Defendant reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the

ATI- 2485475v11

"inaccurate information"). The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of public records, accounts and/or tradelines that do not belong to the Plaintiff, or which misrepresent the payment history and/or status of accounts that do belong to the Plaintiff as well as incorrect personal identifying information.

Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown. Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials. Plaintiff's credit reports and file have been obtained from Defendant and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most

favorable terms in financing and interest rates for credit offers that were ultimately made.

As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of (a) lost credit opportunities, (b) harm to credit reputation and credit score, and (c) emotional distress.

**Defendant's Summary:**

This is an action for damages brought by an individual consumer against Defendant Experian Information Solutions, Inc. ("Experian"), a consumer reporting agency as defined by 15 U.S.C. §1681a(f), for alleged violations of the FCRA.  Plaintiff also alleges state law claims of defamation and violation of the Georgia Fair Business Practice Act.

Experian denies Plaintiff's claims and denies causing any damage to Plaintiff and puts Plaintiff on strict proof of same.  Further, Experian contends that Plaintiff's state law claims are preempted to the extent they are inconsistent with the FCRA and/or barred by the qualified immunity of 15 U.S.C. §1681h(e).

**(c) The legal issues to be tried are as follows:**

**Plaintiff's Summary:**

(1) Whether the Defendant followed reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit report as required by the FCRA, 15 U.S.C. § 1681e(b);

(2) Whether the Defendant failed to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(3) Whether the Defendant continued to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified;

(4) If a violation is determined to have occurred, whether the Defendant's conduct was willful or negligent;

(5) Whether Plaintiff is entitled to actual damages, and if so, the amount of actual damages to which Plaintiff's are entitled;

(6) Whether the Plaintiff is entitled to statutory damages pursuant to FCRA, 15 U.S.C. § 1681n;

(7) The amount of statutory damages to be awarded to the Plaintiff;

(8) The amount of attorney's fees and costs to be awarded in this action pursuant to FCRA, 15 U.S.C. §§1681n and o;

(9) Whether Defendant violated the Georgia Fair Business Practices Act;

(10) Whether Plaintiff is entitled to any actual damages pursuant to the Georgia Fair Business Practices Act;

(11) Whether Plaintiff is entitled to any treble or exemplary damages pursuant to the Georgia Fair Business Practices Act;

(12) Whether Plaintiff is entitled to any attorneys' fees or costs of litigation pursuant to the Georgia Fair Business Practices Act;

(13) Whether Plaintiff is entitled to any punitive damages actual or compensatory damages pursuant to the alleged state law defamation;

(14) Whether the acts of Defendant constitute the tort of Defamation under Georgia law;

(15) Whether the Plaintiff should be awarded punitive damages

**Defendant's Summary:**

(1) Whether Plaintiff has stated any claims upon which relief may be granted;

(2) Whether Plaintiff has established a claim against Experian for negligent noncompliance with the FCRA;

(3)     Whether Plaintiff has established a claim against Experian for willful noncompliance with the FCRA;

(4)     Whether any causal links exist between any of Experian's alleged actions and Plaintiff's alleged damages;

(5)     Whether Plaintiff is entitled to actual damages pursuant to the FCRA;

(6)     Whether Plaintiff is entitled to statutory damages pursuant to the FCRA;

(7)     Whether Plaintiff is entitled to punitive damages pursuant to the FCRA;

(8)     Whether Plaintiff is entitled to costs and attorneys' fees pursuant to the FCRA;

(9)     Whether Plaintiff has established any state law claims for defamation or for violation of the Georgia Fair Business Practices Act;

(10)    Whether Plaintiff's alleged state law claims for defamation and for violation of the Georgia Fair Business Practices Act are preempted and/or barred;

(11)    Whether Plaintiff is entitled to any actual or compensatory damages pursuant to the alleged state law defamation claim;

(12)    Whether Plaintiff is entitled to any punitive damages actual or compensatory damages pursuant to the alleged state law defamation;

(13)    Whether Plaintiff is entitled to any actual damages pursuant to the Georgia Fair Business Practices Act;

(14)    Whether Plaintiff is entitled to any treble or exemplary damages pursuant to the Georgia Fair Business Practices Act; and

(15)    Whether Plaintiff is entitled to any attorneys' fees or costs of litigation pursuant to the Georgia Fair Business Practices Act.

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:**

None.

**(2) Previously Adjudicated Related Cases:**

None.

**2.    This case is complex because it possesses one or more of the features listed below (please check):** This case is not complex.

___ **(1) Unusually large number of parties**

___ **(2) Unusually large number of claims or defenses**

___ **(3) Factual issues are exceptionally complex**

___ **(4) Greater than normal volume of evidence**

   ___ **(5) Extended discovery period is needed**

   ___ **(6) Problems locating or preserving evidence**

   ___ **(7) Pending parallel investigations or action by the government**

   ___ **(8) Multiple use of experts**

   ___ **(9) Need for discovery outside United States boundaries**

   ___ **(10) Existence of highly technical issues and proof**

3. **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

  Plaintiff:    Kris Skaar
          Skaar & Feagle, LLP
          P.O. Box 1478
          331 Washington Ave.
          Marietta, GA 30061-1478
          770 427 5600 (Telephone)
          (404) 601 – 1855 (Facsimile)

  Defendant:    Rebecca B. Crawford
          Jones Day
          1420 Peachtree Street, N.E.
          Atlanta, GA 30309-3053
          (404) 581 - 8825 (Telephone)
          (404) 581 - 8330 (Facsimile)

**4.     Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

**___Yes   X   No.**

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.     Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

The parties do not anticipate the joinder of any other parties but reserve the right to supplement this response and to amend pleadings as permitted by the Federal Rules of Civil Procedure, the Local Rules of this Court, and any applicable law.

**(b) The following persons are improperly joined as parties:**

None.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.    Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:**

The parties do not anticipate any amendments to the pleadings but reserve the right to supplement this response and to amend pleadings as permitted by the Federal Rules of Civil Procedure, the Local Rules of this Court, and any applicable law.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.    Filing Times For Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

**(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b) *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.**

**(c) *Other Limited Motions:* Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d) *Motions Objecting to Expert Testimony: Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your**

**initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

The parties do not object to serving initial disclosures.

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not at this time.

**10.    Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero months discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

**Plaintiff:**

    (1)    The allegations and defenses raised in the pleadings in this case;

    (2)    The Defendant's procedures to assure maximum possible accuracy of the information in Plaintiff's credit report;

    (3)    How long the Defendant continued to report the inaccurate information;

    (4)    Whether the Defendant's conduct was willful or negligent;

    (5)    The persons or entities to which Defendant supplied Plaintiff's credit reports;  and

    (6)    Plaintiff's damages.

**Defendant:**

    (1)    Facts and circumstances surrounding each and every allegation in Plaintiff's Complaint;

    (2)    Plaintiff's alleged damages;

    (3)    Plaintiff's financial and consumer history;

    (4)    All communications between Plaintiff and Experian and/or any representatives of Experian;

(5) All communications between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint;

(6) Discovery necessitated by discovery sought by Plaintiff.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties anticipate that two (2) months of additional time will be needed to coordinate and complete discovery and request that the discovery period be extended through and including February 27, 2012. Plaintiff and Defendant propose the additional 2-month time period in good faith and not for the purposes of delay.

**11. Discovery Limitations**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The parties agree that in the event privileged documents or communications are inadvertently produced, such will be returned to the producing party and will not be used in this litigation until the Court has made a determination as to the

ATI- 2485475v1 14

admissibility of such materials. The parties agree that producing documents and other communications inadvertently will not operate as a waiver of privilege.

The parties do not anticipate the need for any further limitations on discovery other than those imposed under the Federal Rules of Civil Procedure and the Local Rules. The parties reserve the right to seek discovery beyond the limits set forth above by leave of Court, for good cause shown.

**(b) Is any party seeking discovery of electronically stored information?**

      X     Yes                   No

If "yes,"

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have presumptively agreed to limit the source and scope of Defendant's electronically stored information available for production to the non-confidential, non-privileged portions of Plaintiff's Experian consumer file. If a mutually-agreeable stipulated protective order governing the use and disclosure of confidential documents and information is entered by the Court, the parties agree to limit the source and scope of Defendant's electronically stored information

available for production to the non-privileged portions of Plaintiff's Experian consumer file.  The parties reserve all rights to object to specific discovery requests as permitted under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable law.  The parties agree that they will work in good faith to resolve any conflicts regarding issues of the source and scope of any such electronically stored information.  The parties reserve the right to seek discovery beyond the limits set forth above by leave of Court, for good cause shown.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or.TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties agree, with respect to any e-mails and electronic documents and data produced to each other in this case, that electronically stored information may be produced in PDF format, that the documents may be produced either on disk or on paper, and that metadata is to be excluded from production.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

ATI- 2485475v1 16

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?**

The parties agree that a stipulated protective order should be entered by the Court to govern the use and disclosure of trade secret and other confidential research, development, and commercial information.  The parties will submit a draft stipulated protective order for entry by the Court.

**13.    Settlement Potential:**

**(a)  Lead counsel for Plaintiff and Defendant certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 4, 2011 and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.**

> **For Plaintiff:**     /s/ Kris Skaar
> Kris Skaar
>
> **For Defendant:**    /s/Rebecca B. Crawford
> Rebecca B. Crawford

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

( X ) **A possibility of settlement before discovery.**

ATI- 2485475v1 17

( X ) **A possibility of settlement after discovery.**

(__) **A possibility of settlement, but a conference with the judge is needed**.

(__) **No possibility of settlement**.

(c) **Counsel ( X ) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is to be determined.**

(d) **The following specific problems have created a hindrance to settlement of this case.**

None.

**14.   Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court**

**(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.**

Dated:  August 29, 2011

ATI- 2485475v1 18

SKAAR & FEAGLE, LP

By: <u>/s/ James M. Feagle</u>
     James M. Feagle
     SKAAR & FEAGLE, LLP
     108 E. Ponce de Leon Ave.
     Suite 204
     Decatur, Georgia 30309


JONES DAY

By: <u>/s/ Rebecca B. Crawford</u>
     Rebecca B. Crawford
     Georgia Bar No. 194180
     1420 Peachtree Street, N.E.
     Atlanta, Georgia 30309-3053

ATI- 2485475v1 19

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **MICHAEL TAYLOR** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action File** |
| v. | : | |
| | : | **No. 1:11-cv-01019-AT-GGB** |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

\* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Preliminary Report and Discovery Schedule, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

The discovery period shall be extended through and including February 27, 2012.

**IT IS SO ORDERED, this _____ day of _____, 2011.**

_____
**United States District Court
Northern District of Georgia**

ATI- 2485475v120